# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-1088

KELLY MCGOFFNEY,

*Plaintiff-Appellant,*

v.

VIGO COUNTY DIVISION OF FAMILY AND CHILDREN,
FAMILY AND SOCIAL SERVICES ADMINISTRATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 01 C 119—**John Daniel Tinder**, *Judge.*

_____

ARGUED OCTOBER 1, 2004—DECIDED NOVEMBER 23, 2004

_____

Before FLAUM, *Chief Judge*, and BAUER and POSNER,
*Circuit Judges.*

FLAUM, *Chief Judge.* Plaintiff-appellant Kelly McGoffney,
a black woman, applied for employment at the Vigo County
Division of Family and Children, Family and Social Services
Administration ("FSSA") several times between 1998 and
2001. Each of her applications was rejected. In May 2001,
McGoffney filed suit against FSSA, alleging racial discrimi-
nation in violation of Title VII of the Civil Rights Act of
1964, 42 U.S.C. § 2000e et seq. The district court granted

summary judgment in favor of FSSA, and McGoffney ap-
peals. For the reasons stated herein, we affirm.

## I.  Background

McGoffney was employed by FSSA as a food stamps case-
worker from January to June 1989, at which time she resigned
from her position. Almost a decade later, she again sought
employment with the agency, applying on six separate
occasions for the position of Public Assistance Caseworker
5 ("PAC 5"). In response to her first two applications, sub-
mitted in July and October 1998, she was neither inter-
viewed nor offered a position. Following both her third and
fourth applications, submitted in February and October
1999, she was interviewed but not hired. McGoffney's fifth
application, submitted on July 6, 2000, yielded neither an
interview nor a job offer.

On July 18, 2000, McGoffney filed a complaint with the
Indiana Civil Rights Commission, which was forwarded to
the Equal Opportunity Employment Commission ("EEOC"),
alleging racial discrimination in employment occurring on
July 7, 2000. The EEOC dismissed McGoffney's charge and
sent her a right-to-sue letter on February 28, 2001.

On February 16, 2001, McGoffney submitted her sixth
and final application for a PAC 5 position. FSSA posted an
opening for the position on its job bank in March 2001, and
considered McGoffney's application for that opening. She
was neither interviewed nor offered a job.

On May 1, 2001, McGoffney filed a second EEOC complaint
alleging that FSSA refused to hire her for the March 2001
position because of her race and in retaliation for filing the
first EEOC complaint. The EEOC dismissed the charge and
sent McGoffney a right-to-sue letter on August 6, 2001.

McGoffney filed this suit against FSSA in the United
States District Court for the Southern District of Indiana on

May 25, 2001. The district court granted summary judgment in favor of FSSA with respect to all six employment applications, concluding that: (i) the June 1998, October 1998, and February 1999 applications were discrete acts of alleged discrimination and therefore time-barred by the 300-day statutory period; (ii) McGoffney was precluded from raising her claim based on the October 1999 application because she did not include it in her EEOC charge; (iii) McGoffney was precluded from raising her retaliation claim on summary judgment because she did not include a retaliation claim in her complaint or amend the complaint to include a retaliation claim; and (iv) McGoffney failed to establish a genuine issue of fact as to whether FSSA's nondiscriminatory reasons for not hiring her in July 2000 and February 2001 were pretextual.

On appeal, McGoffney challenges the district court's order only with respect to her October 1999, July 2000, and February 2001 applications.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the district court's decision to grant summary judgment de novo. *Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1107 (7th Cir. 2004).

### A. October 1999 Application

McGoffney's first EEOC charge listed "7-7-00" as the date of the alleged discriminatory act. McGoffney contends that despite listing this date, she made clear that she was alleging that FSSA discriminated against her on *all* em-

ployment applications within the 300-day statutory period. She relies on the "Statement of Allegations" in the EEOC complaint where she stated in relevant part:

> I. Respondent has refused to hire me on at least ten (10) different *occasions.*
>
> II. I believe I am being discriminated against based on my race, because I am more than qualified for the *positions* I have applied for.
>
> III.B. I have spoken with other black persons who have applied with Respondent and been rejected as well. Moreover, white persons have been selected for the *jobs* I have applied for.
>
> III.C. *On one occasion the job I applied for* was in Terre Haute, however, Respondent had me drive about an hour further to Vincennes to go through the application process for no apparent reason.

(Supp. App. at 31) (emphases added).

McGoffney argues that this language indicates that she was claiming repeated discrimination with respect to multiple job applications, creating a reasonable inference that the entry of "7-7-00" as the date of alleged discrimination was simply mistaken.

As we have previously explained, limiting a Title VII plaintiff to claims included in her EEOC charge "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). McGoffney's vague allegations regarding "positions" and "jobs" for which she had applied were insufficient to place the EEOC or FSSA on notice of the particular job applications to which she was referring. She made no mention of a specific employment action occurring any time

within the year 1999, nor did she mention the individuals involved or provide specific facts that would indicate that she was referring to her fourth job application, submitted in October 1999.

Accordingly, the district court was correct in granting summary judgment with respect to this application.

## B.  July 2000 and February 2001 Applications

The district court correctly found that McGoffney had not satisfied her burden of creating a triable issue as to whether FSSA's proffered reasons for rejecting her July 2000 and February 2001 applications were pretextual. Although McGoffney challenges this ruling, none of the arguments she presses on appeal was raised below.

FSSA also presents a number of arguments to this Court that it did not raise below. As we have explained on numerous occasions, "the requirement that parties may raise on appeal only issues which have been presented to the district court maintains the efficiency, fairness, and integrity of the judicial system for all parties." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004) (quoting *Boyers v. Texaco Refining & Mktg., Inc.*, 848 F.2d 809, 812 (7th Cir. 1988)). Accordingly, we decline to consider the arguments of either party raised for the first time here.

## III.  Conclusion

For the foregoing reasons, the decision of the district court is AFFIRMED.

**A true Copy:**

    **Teste:**

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*
