**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 25, 2006
Decided March 30, 2006

**Before**

Hon. RICHARD A. POSNER,  *Circuit Judge*

Hon. DANIEL A. MANION,  *Circuit Judge*

Hon. DIANE P. WOOD,  *Circuit Judge*

No. 05-1813

DONALD A. BOYD,
      *Plaintiff-Appellant*,

      *v.*

JO ANNE B. BARNHART,
Commissioner of Social Security,
            *Defendant-Appellee*.

Appeal from the United States
District Court for the Eastern
District of Wisconsin

No. 03 C 453

**William C. Griesbach**, *Judge*.

**O R D E R**

Donald Boyd sought attorney's fees in this Social Security case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, after the district court remanded the case to the Commissioner for reconsideration.  The district court denied Boyd's request for fees, holding that the Commissioner's prelitigation conduct and litigation position were "substantially justified" despite the remand. Boyd contends on appeal that the district court abused its discretion in refusing to grant his fee request.  We agree.

## I.  Background

Boyd was injured when a mobile home that he was working on at his place of employment apparently fell off the hoist and basically crushed his chest and ribs. Miraculously he survived, and apparently recovered substantially.  Nevertheless, he applied for disability benefits in July 1999, claiming disability beginning in September 1997 as a result of the injury.  His application was denied on both initial examination and on reconsideration, and he requested a hearing.

At the hearing Boyd testified that he experienced persistent arm, shoulder and back pain, blood flow problems in his right arm, coldness in his hands and feet, an inability to support his upper body with his back, difficulty with routine household tasks, and an inability to play basketball with his son.  In his written decision, the ALJ made no explicit determination of whether Boyd's testimony regarding his pain was credible.  Instead the ALJ noted generally that "[w]hile claimant may have some degree of pain and limitation it is not as severe or limiting as claimant has alleged."  The ALJ denied Boyd's application based almost entirely on the objective medical evidence and the credibility of Boyd's treating physician, Dr. Siepmann.  The Appeals Council denied Boyd's request for review, and the ALJ's opinion became the Commissioner's final decision.

Boyd then filed a civil action in the district court under 42 U.S.C. § 405(g). The district court reversed the Commissioner's decision and remanded the case for further consideration. The court concluded that the ALJ did not comply with SSR 96-7p when she discounted Boyd's complaints of pain in a cursory manner without going through the seven criteria in the regulation.  The court reasoned that the credibility determination was flawed because the ALJ (1) wrongly concluded that Boyd's reported activities of daily living necessarily contradicted his claim of disabling pain; (2) failed to identify any other, permissible basis such as the functional capacity evaluation, to justify rejecting Boyd's testimony about his pain; (3) failed to recognize evidence that Boyd's treatment for pain had continued for at least two years past the point at which the ALJ thought it had ended; and (4) failed to fully consider the medications Boyd was taking for pain.  Because the ALJ's failure to assess Boyd's credibility in the manner required by SSR 96-7p was enough to require a remand, the court did not reach Boyd's second argument: whether proper weight was given to Dr. Siepmann's testimony under SSR 96-2p.

Boyd then filed a petition under the EAJA to recover the $7,435 in attorney's fees associated with his appeal of the ALJ's decision.  The district court denied the petition.  The court reasoned that the underlying appeal had been "close," and thus, despite the remand, the Commissioner's prelitigation conduct and litigation position

were "substantially justified." The court noted that "this was not a case in which the ALJ failed to discuss the credibility of the claimant at all," or ignored every factor set forth in SSR 96-7p. The court also concluded that the ALJ's failure to account for all of Boyd's medications was partly Boyd's fault in not fully explaining his medication regimen when offered the opportunity to do so.[1]

## II. Analysis

We review the denial of attorney's fees under the EAJA for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 559 (1988); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). Boyd is entitled to recover his attorney's fees provided that: (1) he was a "prevailing party"; (2) the Commissioner's position was not "substantially justified"; (3) there exist no "special circumstances" that would make an award unjust; and (4) he filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Conrad*, 434 F.3d at 989. The Commissioner does not dispute that Boyd meets all of the prongs except the second. The Commissioner bears the burden of proving that her position was substantially justified. *Conrad*, 434 F.3d at 990.

EAJA fees may be awarded if either the Commissioner's prelitigation conduct or her litigation position were not substantially justified. *Cunningham v. Barnhart*, No. 05-1981, 2006 WL 538252, at *1 (7th Cir. Mar. 7, 2006). The ALJ's decision, because it is part of the action that gave rise to the litigation in district court, constitutes part of the Commissioner's prelitigation conduct. *Id.* In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory. *See Pierce*, 487 U.S. at 565; *Conrad*, 434 F.3d at 990. The outcome of a case is not conclusive evidence of the justification for the government's position. *Bricks, Inc. v. EPA*, 426 F.3d 918, 922 (7th Cir. 2004).

After examining the Commissioner's conduct as a whole, we have determined that in this case she was not substantially justified. The ALJ issued a decision that did not comport with the Commissioner's own rulings. SSR 96-7p requires that, "once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown," the ALJ "must make a specific finding on the credibility of the individual's statements

---

[1] At this time we do not know the status of Boyd's hearing on remand. In determining that the award of attorney's fees is appropriate at this juncture, we do not reach any conclusion on the merits of Boyd's petition.

based on a consideration of the entire case record." SSR 96-7p, 1996 WL 374186 at *2 (S.S.A. July 2, 1996). In addition to the objective medical evidence, the ALJ must then consider seven criteria:

>    1. The individual's daily activities;

>    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

>    3. Factors that precipitate and aggravate the symptoms;

>    4. The type, dosage, effectiveness, and side effects of any medications the individual takes or has taken to alleviate pain or other symptoms;

>    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

>    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes ever hour, or sleeping on a board); and

>    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.; see generally Golembiewski v. Barnhart*, 322 F.3d 912, 915-16 (7th Cir. 2003). The ALJ's credibility determination must be sufficiently specific to enable meaningful appellate review, *Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 787-88 (7th Cir. 2003); SSR 96-7p at *3, and the reasons for the ALJ's credibility finding must be specified, not implied, *Golembiewski I*, 322 F.3d at 916.

The extent of Boyd's pain and whether it was disabling was the entire issue in Boyd's claim for disability payments. Because the ALJ found that Boyd had suffered serious injuries in the 1997 accident that could have caused pain, he was under a duty to evaluate the credibility of Boyd's testimony as to that pain using all the factors listed in SSR 96-7p. *See* SSR 96-7p at *3; *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004); *Clifford v. Apfel*, 227 F.3d 863, 871-72 (7th Cir. 2000). In order to discredit Boyd's testimony regarding his pain, the ALJ was required to articulate specific reasons for doing so that were supported by the record. *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005); *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004). That did not happen here.

More significantly, however, the Commissioner subsequently compounded the prelitigation error by defending the ALJ's decision in the district court without confronting the basic deficiency in the ALJ's credibility finding. The Commissioner, in her submission to the district court, instead ignored SSR 96-7p entirely and defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of Boyd's daily living activities. The position of the Commissioner at the litigation stage was that the record in total provides substantial evidence to support the ALJ's decision. But as this court said in *Golembiewski*–which Boyd prominently cited in his filing in the district court along with SSR 96-7p–the agency rule does not permit a credibility finding to be "implied" from the record. *See Golembiewski*, 322 F.3d at 916 ("[T]he cases make clear that the ALJ must *specify* the reasons for his finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony." (emphasis in original)); *Brindisi*, 315 F.3d at 788 (holding that implied credibility determination does not allow for appropriate appellate review). The ALJ's decision does not provide an explicit credibility determination, and it was unreasonable for the Commissioner to defend that decision without so much as acknowledging Boyd's argument about SSR 96-7p.

Because the ALJ's decision, and therefore the Commissioner's prelitigation conduct, did not adhere to our precedent and the Commissioner's own regulations by failing to explicitly discuss Boyd's credibility, and because the Commissioner went on to defend the ALJ's decision in district court even though it lacked a reasonable basis in law for that defense, the Commissioner's position was not substantially justified. It would have been better for the Commissioner to have acknowledged the ALJ's deficient decision and sent the case back to the ALJ to make a credibility determination rather than to prolong the case.

Boyd also argues on appeal that the district court abused its discretion because the ALJ committed legal error in his assessment of the treating physician's opinion by not according it controlling weight. However, as the Commissioner points out, the district court did not reach the merits of the issue of the ALJ's evaluation of Dr. Siepmann's testimony. Additionally, Boyd did not argue in the district court that the ALJ's assessment of Dr. Siepmann's testimony was a basis for concluding that the Commissioner's prelitigation position was not substantially justified. Therefore, because the district court did not have an opportunity to rule on this issue in the context of the EAJA petition, the matter is not properly before us. *See McGoffney v. Vigo County Div. of Family and Children, Family and Soc. Serv. Admin.*, 389 F.3d 750, 753 (7th Cir. 2004) (explaining that parties may only raise on appeal issues that have been presented to district court); *Williams v. REP*

*Corp.*, 302 F.3d 660, 666 (7th Cir. 2002) ("A party waives any argument that it does not raise before the district court.")

### III. Conclusion

For the foregoing reasons, we REVERSE the order the district court and REMAND to the district court with instructions to grant Boyd's petition for attorney's fees.