**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

AMENDED May 19, 2006
Submitted April 26, 2006*
Decided April 26, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2544

PAUL C. PRATT,
    *Plaintiff-Appellant*,

    *v.*

NISOURCE, INC., and NIPSCO,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of
Indiana, Hammond Division

No. 2:03-cv-246

James T. Moody,
*Judge.*

**O R D E R**

Paul Pratt brought this suit under 42 U.S.C. § 1981 against NiSource and its subsidiary NIPSCO, a natural gas and electric utility where he worked, claiming he was denied promotions, assigned a small and noisy cubicle, and ultimately fired because he is black. The claims against NiSource were dismissed after Pratt agreed that, as a holding company without employees, it was not a proper defendant. The district court went on to grant summary judgment for NIPSCO finding that Pratt failed to establish a prima facie case that NIPSCO's alleged actions were discriminatory or that its proffered reasons were pretextual. We affirm.

---

    * After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Pratt began working at NIPSCO in 1991 as a trainee and after 18 months became a "facilities engineer," responsible for managing internal building projects for about 30 NiSource facilities. Nancy Hechlinski became his supervisor in 1996 and was assigned the responsibility of completing his annual performance reviews. In 1998 Hechlinski reviewed his performance as poor in scheduling and time management. For three months in 1998 and early 1999, Pratt took on the duties of a "facilities services supervisor" who was on medical leave. Pratt returned to the position of facilities engineer afterwards, but retained certain supervisory duties. In 1999 some of Pratt's NiSource customers complained about his performance. As a result Hechlinski placed Pratt on a three-month probation that she extended two times, each time for one month. Hechlinski's 1999 review of Pratt's performance reflected his continuing problems with scheduling and time management. In 2000 she removed him from a project because of his poor performance.

In July 2001 Hechlinski assigned Pratt to work as a "project coordinator" on a project in the maps and records department. Hechlinski neglected to immediately request a title change for Pratt, but she did so after three months, and made the change retroactive. She did not, however, increase his pay because she did not consider the move a promotion. When Pratt arrived at the maps and records department, there were already three other project coordinators and several "bargaining unit members" working in the office. Pratt was assigned to a small cubicle next to a noisy plotter device until some bargaining unit members left the building and the space was reconfigured to hold an additional full-sized cubicle. Diane Buche, the head of the project Pratt was assigned to, reported to Hechlinski that Pratt was having problems with timeliness and organization, and Hechlinski noted these issues in her 2002 performance review. Around that time NIPSCO underwent a reorganization and Hechlinski was required to select one position in her department for elimination. She chose Pratt's. Pratt filed a charge of racial discrimination with the Equal Employment Opportunity Commission that was dismissed as untimely. He then filed this complaint in the district court.

At summary judgment, the judge first dismissed as time-barred Pratt's claim that he should have received a promotion in 1998. Then, given the absence of direct evidence of discrimination, the judge analyzed Pratt's remaining claims under the indirect method and held that Pratt could not make out a prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The judge reasoned that Pratt lacked evidence of an adverse employment action in delaying a title change and denying a pay raise when he became a project coordinator because the move was lateral, not a promotion. As to Pratt's claims based on his cubicle assignment and his termination, the judge reasoned that he lacked evidence of similarly situated employees. The court also held that Pratt could not establish that NIPSCO's stated

reasons for assigning him the smallest and noisiest cubicle—Pratt was the newest person in a crowded office—and selecting his position for down-sizing—Pratt was the least effective worker in his department—were pretextual.

Pro se on appeal, Pratt first renews his contention that NIPSCO discriminated against him in 1998 by assigning him the duties of "facilities supervisor" without awarding him either a change in title or a pay raise. Nowhere in his brief, however, does he dispute or even mention the district court's finding that this claim was barred by the statute of limitations. The claim was barred and that precludes any contention that it should have prevailed on the merits. *See* 28 U.S.C. § 1658; *Dandy v. United Parcel Serv. Inc.*, 388 F.3d 263, 269 (7th Cir. 2004).

Pratt also disputes the granting of summary judgment on his claim that NIPSCO discriminated against him by neglecting to change his title until three months after he took on the duties of "project coordinator" and, even after changing his title, did not increase his pay. But Hechlinski testified that the move from facilities engineer to project coordinator was lateral. Pratt points to no evidence that the move was in fact a promotion and, thus, cannot demonstrate that he was entitled to a pay raise. Thus we will not disturb the district court's finding that he did not suffer an adverse employment action.

Pratt next challenges the granting of summary judgment on his claim that, for eight of the eight-and-a-half months he worked as a project coordinator in the maps and records department, he was stationed at a smaller and noisier cubicle than the other project coordinators. He disputes the district court's finding that the other project coordinators were not similarly situated. Even if Pratt could establish that he was similarly situated, however, he would still be unable to demonstrate that NIPSCO's stated reason for placing him in the smaller cubicle was a pretext. NIPSCO said that, until some of the office's other occupants left, it was too crowded for another full-sized cubicle. Pratt fails to point to any evidence that would allow us to conclude that NIPSCO's stated reason was not genuine.

Pratt also disputes the granting of summary judgment on his claim that NIPSCO selected his position for down-sizing because he is black. He challenges the district court's finding that he failed to establish that NIPSCO's stated reason for eliminating his position—that he was the "poorest performer" in his department—was pretextual. To support its proffered reason, NIPSCO submitted: (1) the testimony of his supervisor that she was unsatisfied with Pratt's performance, in particular as it related to scheduling, time-management, and being present in the office when he was supposed to be; (2) the negative performance reviews; (3) customer complaints; and (4) the testimony of Buche and another manager in the maps and

records department that Pratt's projects were late and unsatisfactory. In response, Pratt offered his own testimony. According to Pratt, scheduling was not a significant part of his duties and his supervisor confronted him only once about poor time-management. He opined that his negative review was racially motivated and that the number of customer complaints he received was not excessive. Furthermore he asserts that his projects were well-done and on time. In short, Pratt offered nothing but assertions in his own self-interest to rebut NIPSCO's evidence. The district court properly found that Pratt's opinion of his own performance was irrelevant and therefore insufficient to create a triable issue of fact. *See Adusumilli v. City of Chi.*, 164 F.3d 353, 363 (7th Cir. 1998) ("Self-serving statements do not shed any light on whether the employer honestly based its employment decision on performance-related considerations, which is the focus of our inquiry in these cases") (internal quotations omitted); *Gustovich v. AT&T Commc'ns, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992) ("An employee's self-serving statements about his ability . . . are insufficient to contradict an employer's negative assessment of that ability").

Finally, Pratt seeks to add a claim of retaliatory discharge and a claim that he was singled out for harsher discipline because of his race, but we will not consider these arguments because he did not articulate them in the district court. *See McGoffney v. Vigo County Div. of Family and Children, Family and Soc. Servs. Admin.*, 389 F.3d 750, 753 (7th Cir. 2004) (parties cannot on appeal raise issues not presented to district court); *Williams v. REP Corp.*, 302 F.3d 660, 666 (7th Cir. 2002) (issues not raised in the district court are waived).

AFFIRMED.